DANT & RUSSELL INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80–9–01473

Before FORD, *Judge.*

(Decided November 23, 1981)

*Glad & White (Edward N. Glad* of counsel) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Robert H. White* on the brief), for the defendant.

FORD, *Judge:* This action presents for determination the proper classification, for customs duty purposes, of certain hardwood flooring. The entries covering the importations involved were originally liquidated as presently claimed. The oak flooring was liquidated under item 202.56, TSUS, while the birch and maple flooring were liquidated under item 202.58, TSUS. Customs voluntarily reliquidated the entries within the time prescribed by 19 U.S.C. § 1501 under item 202.60 as other wood flooring.

The imported merchandise, known as "Miyata-Plank" is hardwood manufactured to accurate dimensions, measuring 15mm x 1' x 6', precision edge tongued, grooved and end notched. It is manufactured by gluing oak, maple or birch to 5-ply lauan substrata and is used for wood flooring.

Plaintiff's motion for summary judgment is predicated upon facts contained in the affidavit of Kit Draham, manager of the import department of plaintiff corporation, and a catalog sheet attached thereto. Defendant's cross motion for summary judgment is supported by affidavits of A. M. Baldassarri, vice president of Pan Pacific Overseas, an importer of wood products, and Paul Garretto, National Import Specialist at New York. In addition, defendant offered four samples of the imported merchandise as well as descriptive materials which were supplied by plaintiff. Defendant alternatively contends if any issue of fact is raised by the affidavits the motions of the parties should be denied and the matter set down for trial.

The classification (actually the reclassification) under item 202.60, *supra*, carries with it the presumption that the imported merchandise consists of wood flooring within the language contained in the superior heading preceding items 202.56–202.60 which reads as follows:

Wood flooring, whether in strips, planks, blocks, assembled sections or units, or other forms, and whether or not drilled or treated (except softwood flooring classifiable as lumber):
    Hardwood flooring in strips and planks, whether or not drilled or treated:

| | | |
|---|---|---|
| 202.56 | Oak (*Quercus* spp.) | 3.5% ad val. |
| 202.58 | Other | Free |
| | * * * * * * * | |
| 202.60 | Other | 7.4% ad val. |

In view of the foregoing, the sole issue of law presented by plaintiff is whether the imported flooring consists of strips or planks. Defendant contends the imported merchandise consists of plywood flooring and, as such, is subject to classification under item 202.60, *supra*. Defendant alleges further that the classification is supported by the legislative history.

Plaintiff upon *D. B. Frampton & Company, Dorf International, Inc.* v. *United States*, 60 Cust. Ct. 4, C.D. 3243 (1968), which held certain maple flooring to fall within the purview of item 202.57, TSUS. The merchandise was in plank form, assembled from strips fitted together and fastened laterally and machined to exact dimensions. The flooring was both tongued and grooved. It was used exclusively for railroad car flooring and known in the railroad industry as plank flooring. Accordingly, the court held the imported merchandise to be hardwood flooring in strips and planks, assembled sections or units or other forms. The court reasoned that the provision claimed being *eo nomine* in-

cluded, in the absence of legislative intent, all forms of the article as long as it is recognizable as such. Therefore, a plank, whether conventional or assembled, falls within item 202.57, *supra*. In addition, in *Frampton* the evidence established the merchandise was known as plank flooring or flooring plank and the government conceded it was in plank form.

The supporting affidavits for the motion and cross-motion are contradictory. However, the legislative history is supportive of the classification and is set forth in the *Tariff Classification Study*, Schedule 2, page 22, as follows:

> Item 202.60 covers "other" wood flooring (except softwood flooring classifiable as lumber). This provision is derived from paragraphs 402, 404, and 412. This flooring is in blocks, assembled sections or units, or other forms, and includes short strips of accurately milled wood, either separate, in sets, or assembled in sections for parquet and similar types of patterned floors. It also includes preassembled sections of strip flooring.

Additionally, further support of the classification is found in the *Summaries of Trade and Tariff Information* (1967), Schedule 2, Volume 1, pages 117–118:[1]

> Laminated block flooring is essentially a small square of plywood (i.e., laminated veneers), often 9 x 9 inches and $^{15}/_{32}$ inch thick. Assembled sections or units of block flooring, also provided for in item 202.60 consist of (1) sets of an even number of squares (unit or laminated) fastened together so that the grain of each square forms a checkerboard or parquetry pattern in the completed panel, and (2) sets of "slat-block" flooring, each set made up of four or more smaller squares formed from narrow slats or strips.

Representative samples of the imported merchandise may be considered potent witnesses. *Marshall Field & Co.* v. *United States*, 45 CCPA 72, C.A.D. 676 (1958). Examination of the imported merchandise and the facts relating to its construction is clearly indicative of the nature of this merchandise. The imported articles are laminated or plywood flooring. There is insufficient evidence to establish them to belong to the class or kind of flooring known as planks or strips. Since they are laminated, they fall within the purview of item 202.60, *supra*, as classified. Accordingly, plaintiff's motion for summary judgment is denied, and defendant's cross-motion is granted.

Judgment will be entered accordingly.

---

[1] While not legislative history, the Summaries are useful as a guide of the administrative practice of the Customs Service.